UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Raymond R. Gadreault,

    Plaintiff,

v.                                                   Civil Action No. 2:20-cv-83

Judge Robert Bent, Jennifer Barrett,
Phil Danielson, Walter Smith,
Richard Berlandy, and Debra Munson,

    Defendants.

## ORDER AND REPORT AND RECOMMENDATION
(Doc. 1)

Raymond R. Gadreault, proceeding *pro se*, has filed a form Application for Leave to Proceed *in Forma Pauperis*, seeking to proceed in the district court without prepaying fees or costs. (Doc. 1.) Because the financial Affidavit filed in support of the Application (Doc. 1-1) meets the requirements of 28 U.S.C. § 1915(a), the Application is GRANTED. For the reasons set forth below, however, I recommend that Gadreault's proposed civil action alleging violations of his civil rights be DISMISSED and that Gadreault be granted leave to file an Amended Complaint within 30 days of the Court's Order on this Report and Recommendation.

## Discussion

Under 28 U.S.C. § 1915(e)(2)(B), the Court must conduct an initial screening of complaints filed by civil litigants proceeding *in forma pauperis*, to ensure that the case goes forward only if it meets certain requirements. In conducting this

screening, the Court is required to read a *pro se* plaintiff's complaint liberally and to construe it to raise the strongest arguments it suggests. *Harris v. Miller*, 818 F.3d 49, 56–57 (2d Cir. 2016) (per curiam). Nevertheless, the Court must dismiss a complaint filed *in forma pauperis* if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In evaluating whether a complaint fails to state a claim, the Court tests the pleading for "facial plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them," are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

A court's initial review of a complaint under § 1915(e)(2)(B) must also encompass the applicable standards of the Federal Rules of Civil Procedure. Under Rule 8, a complaint must contain a short and plain statement of the grounds for the court's jurisdiction, and a short and plain statement of the claim showing an entitlement to relief; also, each allegation must be simple, concise, and direct.

Fed. R. Civ. P. 8. A complaint that fails to comply with Rule 8 should be dismissed, as it "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of the[] claims." *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).

In this case, Plaintiff's claims against Robert Bent, a Vermont Superior Court Judge, are barred by the doctrine of absolute judicial immunity. Judicial officers are immune from liability for damages for "acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Because absolute judicial immunity is not for protection of the judge, but rather "for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," *id.* (internal quotation marks omitted), it applies to shield judges against even "allegations of bad faith or malice, . . . [or] 'because the action he took was in error . . . or was in excess of his authority.'" *Mireles v. Waco*, 502 U.S. 9, 11, 13 (1991) (second omission in original) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)). Immunity yields only in cases challenging "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity," or judicial "actions . . . taken in the complete absence of all jurisdiction." *Id.* at 11, 12. The Complaint appears to challenge actions taken by Judge Bent in his judicial capacity. Accordingly, I recommend that Judge Bent be dismissed as a defendant in this action. *See id.* at 11 ("[J]udicial immunity is an immunity from suit . . . ."). As to the remaining defendants, the proposed Complaint does not satisfy the basic pleading standard of Rule 8, as it is devoid of any factual allegation

of wrongdoing against identifiable defendants and contains only conclusory references to constitutional rights having been violated. (*See* Doc. 4.) Moreover, Gadreault's claims against the two state prosecutors appear to be barred by the doctrine of prosecutorial immunity. *See Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005) ("Because the immunity attaches to the official prosecutorial function and because the initiation and pursuit of a criminal prosecution are quintessential prosecutorial functions, the prosecutor has absolute immunity for the initiation and conduct of a prosecution unless [she] proceeds in the clear absence of all jurisdiction." (internal quotation marks and citations omitted)). Finally, both the nature of Plaintiff's claims and the causes of action he seeks to allege are not sufficiently clear for the Court to conduct a plausibility analysis. Accordingly, I recommend that Plaintiff's Complaint be DISMISSED under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim and prosecutorial immunity.

Plaintiff should, however, be granted leave to amend as the Second Circuit has cautioned that a district court "should not dismiss a pro se complaint 'without granting leave to amend at least once,' unless amendment would be futile." *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

In the event Plaintiff chooses to file an amended complaint, he must comply with the Federal Rules of Civil Procedure, including Rule 8's requirement that the complaint state the grounds for the Court's jurisdiction and a cause of action. *See* Fed. R. Civ. P. 8(a)(1). Any amended complaint must also comply with Rule 10's

requirements that the complaint include a caption with the court name, the case number, and the names of the parties; and that each paragraph be numbered and allege a single set of facts. *See* Fed. R. Civ. P. 10(a), (b). An amended complaint, if filed, will completely supersede the original complaint and incorporation by reference to the original complaint is not permitted. Finally, the amended complaint must comply with Rule 11's requirements: it must be signed by Plaintiff, if he has no attorney; it must state Plaintiff's mailing address, e-mail address, and telephone number; and its factual allegations must either have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. *See* Fed. R. Civ. P. 11(a), (b)(3). For further reference, Plaintiff may consult the Court's Representing Yourself as a *Pro Se* Litigant Guide, available at http://www.vtd.uscourts.gov/sites/vtd/files/ProSeGuide113015.pdf.

## Conclusion

The Plaintiff's Application for Leave to Proceed *in Forma Pauperis* (Doc. 1) is GRANTED. The Clerk of Court shall refer this case to a United States District Judge. For the reasons set forth above, I recommend that the Plaintiff's Complaint (Doc. 4) be DISMISSED with leave to amend within 30 days of the Court's order on this Report and Recommendation. In the event an Amended Complaint is not filed within 30 days of the Court's order on this Report and Recommendation, this matter should be closed.

Dated at Burlington, in the District of Vermont, this 14th day of July 2020.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections, which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c).  Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).