UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| RAYMOND R. GADREAULT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cv-83 |
| | ) | |
| JUDGE ROBERT BENT, JENNIFER | ) | |
| BARRETT, PHIL DANIELSON, | ) | |
| WALTER SMITH, RICHARD | ) | |
| BERLANDY, and DEBRA MUNSON, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DISMISSING AMENDED COMPLAINT**

Self-represented Plaintiff Raymond R. Gadreault, proceeding *in forma pauperis*, timely filed an Amended Complaint in which he alleges violations of his civil rights by Defendants Vermont Superior Court Judge Robert Bent, Vermont States Attorneys Jennifer Barrett and Phil Danielson, Vermont State Police ("VSP") Trooper Richard Berlandy, Lieutenant Walter Smith, and VSP Officer Debra Munson.  For the reasons set forth below, Plaintiff's Amended Complaint (Doc. 7) is dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

**I.  Allegations of the Amended Complaint**

Plaintiff asserts that Judge Bent violated his civil rights under the United States Constitution, including his Fourth, Fifth, Seventh, and Eighth Amendment rights, and that "allowing immunity for [Judge] Bent is a travesty of justice."  (Doc. 7 at 1.)  He alleges his rights were violated when Judge Bent denied Plaintiff an attorney, remanded him to custody, and set an excessive bail of $75,000.  As a result of the excessive bail amount, Plaintiff spent over two months in jail "miles from [his] home and unable to see family."  (*Id.*)  He further alleges Judge Bent stated "that his mind has declined so he has no idea what he is doing."  (*Id.*)

With regard to the law enforcement defendants, Plaintiff alleges: Defendant VSP Trooper Berlandy "outright lied in his affidavit, and then when he arrested me never reading me my rights" (Doc. 7 at 2); Defendant Smith "was derelict in his duties allowing Trooper Berlandy to get away with his actions" (*id.*); and Defendant VSP Officer Munson "committed perjury at my bail hearing stating she was only at the home for 8 minutes when in real[i]ty it was over 31 minutes" (*id.*). He asserts the law enforcement Defendants "came to my home to arrest me, . . . knocked on the door, . . . and instead of waiting for me to open the door they pounded thr[ough] it with a battering ram." (*Id.*)

With regard to the Vermont States Attorneys defendants, Plaintiff alleges prosecutors Defendants Barrett and Danielson "took part in this by persecuting [sic] me [in] Orleans County Court." (Doc. 7 at 2.)

## II.    Conclusions of Law and Analysis

### A.    Standard of Review

Under 28 U.S.C. § 1915, "the court shall dismiss [a] case [filed *in forma pauperis*] at any time if the court determines that . . . the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court is required to read a self-represented plaintiff's complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted); *see also Harris v. Miller*, 818 F.3d 49, 56-57 (2d Cir. 2016) (per curiam) (noting district courts must afford "special solicitude" to a self-represented litigant including reading the complaint liberally and construing it to raise the strongest arguments it suggests).

All complaints, however, must contain "sufficient factual matter[] . . . to state a claim" for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(a) (listing required contents of a pleading that states a claim for relief). In determining whether a complaint states a claim, the court must "accept as true all of the allegations contained in a complaint" and decide whether the complaint states a plausible claim for relief. *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* While "special solicitude" is required, self-represented litigants nevertheless must satisfy the plausibility standard set forth in *Iqbal*. *See Harris*, 818 F.3d at 56; *Harris v. Mills*, 572 F.3d 66, 68, 72 (2d Cir. 2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

A complaint must also comply with the applicable standards of the Federal Rules of Civil Procedure. Under Rule 8, a complaint must contain a short and plain statement of the grounds for the court's jurisdiction, and a short and plain statement of the claim showing an entitlement to relief; also, each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8. A complaint that fails to comply with Rule 8 should be dismissed, as it "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of the[] claims." *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).

### B. Judicial Immunity

As the court has explained, judicial officers are immune from liability for damages for "acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

3

Because absolute judicial immunity is not for protection of the judge, but rather "for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," *id.* (internal quotation marks omitted), it applies to shield judges against even "allegations of bad faith or malice . . . [or] 'because the action he took was in error . . . or was in excess of his authority.'" *Mireles v. Waco*, 502 U.S. 9, 11, 13 (1991) (second omission in original) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)). Immunity yields only in cases challenging "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity," or judicial "actions . . . taken in the complete absence of all jurisdiction." *Id.* at 11, 12.

Plaintiff's claims against Defendant Robert Bent, a Vermont Superior Court Judge, continue to be barred by the doctrine of absolute judicial immunity. The Amended Complaint challenges actions taken by Judge Bent in his judicial capacity. Because Plaintiff does not plausibly allege any actions by Judge Bent performed in his personal capacity or outside the scope of his jurisdiction, his claims are barred by the doctrine of judicial immunity. Accordingly, Judge Bent must be dismissed as a defendant in this action because the court lacks subject matter jurisdiction. *See id.* at 11 (explaining "judicial immunity is an immunity from suit"); *Miller v. Cnty. of Nassau*, 467 F. Supp. 2d 308, 312 (E.D.N.Y. 2006) (noting a district court "may, sua sponte, dismiss a complaint for lack of subject matter jurisdiction, based on a finding of judicial immunity").

### C. Prosecutorial Immunity

Prosecutors are also immune from "suits for damages when he [or she] acts within the scope of his [or her] prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). Prosecutors are entitled to absolute immunity for those activities "'intimately associated with the

4

judicial phase of the criminal process.'" *Hill v. City of New York*, 45 F.3d 653, 660-61 (2d Cir. 1995) (quoting *Imbler*, 424 U.S. at 430).  Absolute immunity from § 1983 liability covers "virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994).  A prosecutor is therefore "absolutely immune from civil liability for initiating a prosecution and presenting the case at trial." *Hill*, 45 F.3d at 661.  Even where there are allegations of a prosecutor's "knowing use of perjured testimony" or "deliberate withholding of exculpatory information" the prosecutor is not "amenable to a civil suit for damages." *Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005) (quoting *Imbler*, 424 U.S. at 431 n.34).  "[I]f as a result of prosecutorial misconduct, a defendant is compelled to face prosecution, or to suffer imprisonment or pretrial detention, the harm cannot be redressed via a § 1983 civil rights suit." *Taylor v. Kavanagh*, 640 F.2d 450, 453 (2d Cir. 1981).

   Plaintiff's claims against Defendants Barrett and Danielson, Vermont States Attorneys, are barred by the doctrine of prosecutorial immunity.  The Amended Complaint alleges only that the state prosecutor defendants "took part in" the "ongoing violation of [his] civil rights" by "p[ro]secuting [him] in Orleans County Court."  (Doc. 7 at 2.)  Because Plaintiff does not plausibly allege any actions by these Defendants outside the scope of their prosecutorial duties, his claims are barred by the doctrine of judicial immunity.  Accordingly, Defendants Barrett and Danielson must be dismissed as defendants in this action because the court lacks subject matter jurisdiction.  *See Shmueli*, 424 F.3d at 237 ("Because the immunity attaches to the official prosecutorial function and because the initiation and pursuit of a criminal prosecution are quintessential prosecutorial functions, the prosecutor has absolute immunity for the initiation and

5

conduct of a prosecution unless [she] proceeds in the clear absence of all jurisdiction." (internal quotation marks and citations omitted)).

### D.     42 U.S.C. § 1983

The remaining defendants are VSP Trooper Berlandy, Lieutenant Smith, and VSP Officer Munson.  Plaintiff alleges these law enforcement officers violated his civil rights in connection with his arrest.  Plaintiff does not specify if he seeks to bring his claims against these defendants in their official or individual capacities.  Plaintiff also does not specify what relief he seeks.  As with his initial Complaint, Plaintiff's Amended Complaint also does not satisfy the basic pleading standard of Rule 8, as contains only conclusory references to constitutional rights having been violated and fails to make a demand for the relief sought.  Accordingly, Plaintiff's Amended Complaint fails to state a claim against these defendants upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915(e)(2)(B)(ii).

Because the law enforcement officers appear to be state employees, Plaintiff could seek to allege a claim under 42 U.S.C. § 1983, a federal statute.  Under § 1983, a claimant may bring suit against a "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution."  42 U.S.C. § 1983.  "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."  *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

In order to assert a claim under § 1983, a plaintiff "must allege (1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived [the plaintiff] of that right acted under color of state . . . law.'"  *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting

*Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).  Section 1983 provides a statutory remedy for violations of the federal Constitution and other federal laws.  *See Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (stating the statute is "not itself a source of substantive rights" but rather provides "a method for vindicating federal rights elsewhere conferred") (internal quotation marks omitted).  The statute occupies a position of "primacy" in providing a "basis for securing redress for constitutional violations."  *Pauk v. Bd. of Trustees of City Univ. of N.Y.*, 654 F.2d 856, 865 (2d Cir. 1981).

Suits against state actors in their official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent" and "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (internal quotation marks omitted); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity therefore should be treated as suits against the State. . . . [T]he only immunities available to the defendant in an official-capacity action are those that the governmental entity possesses.").

Although Plaintiff does not specify the type of relief he seeks, a claim for monetary damages against a state law enforcement officer for actions in his or her official capacity would be barred by the Eleventh Amendment to the United States Constitution.  The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  The Supreme Court has interpreted the Eleventh Amendment to bar private suits for retrospective relief against a state in federal court, absent consent to suit by the state or valid

congressional abrogation of this immunity. *See Alden v. Maine*, 527 U.S. 706, 754 (1999) ("Our sovereign immunity precedents establish that suits against nonconsenting States are not properly susceptible of litigation in courts, and, as a result, that [t]he entire judicial power granted by the Constitution does not embrace authority to entertain such suits in the absence of the State's consent[.]") (citation and internal quotation marks omitted); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state.") (internal quotation marks omitted); *Hans v. Louisiana*, 134 U.S. 1, 17 (1890) ("Undoubtedly a state may be sued by its own consent[.]").

Neither waiver nor abrogation applies in a § 1983 claim against a state official in federal court. *See* 12 V.S.A. § 5601(g) (establishing Vermont has not waived its sovereign immunity); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67 (1989) (holding in enacting § 1983, Congress did not abrogate state sovereign immunity under the Eleventh Amendment). Accordingly, Plaintiff cannot assert claims against a state official in his or her official capacity in federal court. *See McGinty v. New York*, 251 F.3d 84, 90 (2d Cir. 2001) (noting a court may raise sua sponte state sovereign immunity as a bar to federal subject matter jurisdiction).

### E. Leave to Amend

Because Plaintiff has already been granted an opportunity to amend his complaint, the court will not grant leave to amend sua sponte. However, Plaintiff may file a motion for leave to file an amended complaint. *See Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (directing that district courts should not dismiss the claim of a self-represented party without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated.") (internal quotation marks omitted).

Plaintiff is advised that a proposed Second Amended Complaint must be titled "Second Amended Complaint" and include all of Plaintiff's factual allegations in their entirety and must set forth all the claims he has against all defendants and all the relief he seeks; reference back to the original Complaint or Amended Complaint is insufficient.  *See* Fed. R. Civ. P. 8(a); D. Vt. L.R. 15(b).  Equally important, a proposed pleading must comport with the Federal Rules of Civil Procedure, including setting forth short and plain statements of each claim as required by Rule 8, and doing so in numbered paragraphs as required by Rule 10.

Plaintiff's efforts may be aided by use of the E-Pro Se program, an interactive web application that aids the user in preparing a complaint, available on the court's website at https://www.vtd.uscourts.gov/e-pro-se.  For further reference, Plaintiff may consult the Court's Representing Yourself as a *Pro Se* Litigant Guide, available at www.vtd.uscourts.gov/sites/vtd/files/ProSeGuide113015.pdf.

## **Conclusion**

For the reasons discussed above, and having conducted the review required under 28 U.S.C. § 1915(a)(1), Plaintiff's Amended Complaint (Doc. 7) is DISMISSED under 28 U.S.C. § 1915(e)(2)(B).  Plaintiff may file a motion for leave to file a Second Amended Complaint no later than March 16, 2021.  Should Plaintiff fail to file a motion to amend, this case shall be closed.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 16th day of February 2021.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge